UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) Docket no. 1:22-mc- **Filed Under Seal – Level II** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, by Jane E. Young, United States Attorney for the District of New Hampshire, and Assistant U.S. Attorney Charles L. Rombeau, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Verizon, a cellular service provider, located in Bedminster, New Jersey, to disclose certain records and other information pertaining to the cellular telephone assigned call number 253-778-2986, as described in Part I of Attachment A to the proposed Order. The records and other information to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

LEGAL BACKGROUND

1.  Verizon is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require Verizon to disclose the items described in Part II of Attachment A, as these records pertain to a subscriber of electronic communications service and are not the contents of communications. *See* 18 U.S.C. § 2703(c)(1).[1] This Court has jurisdiction to issue the proposed

---

1  In *Carpenter v. United States*, 138 S. Ct. 2206 (2018), the Supreme Court held that the acquisition by the government of historical cell-site location information for a particular phone

Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711(3). *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i). *See* 18 U.S.C. § 2711(3)(A)(ii).

2. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## FACTS

3. The United States is investigating the communication of threats to injure a person transmitted in interstate or foreign commerce in violation of 18 U.S.C. § 875(c).

4. Verizon is a company that provides cellular communications service to the general public. In general, such companies collect information about the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from a device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. Collectively, this information is often referred to as "cell-site location information." This information allows law enforcement to infer an approximate general location of a device at a particular time that it engaged in a communication with a particular cell tower.

---

for a period of seven days or more required a warrant; however, the Court expressly declined to reach the question of whether the acquisition of historical cell-site location information for a shorter period of time, such as is sought by this Application, similarly requires a warrant. *See id.* at 2217 & n.3.

5.	In January 2022, the Veterans Administration Office of Inspector General ("VA-OIG") began an investigation into a threat alleged directed at the VA's clinical staff in White River Junction ("WRJ"), VT.  Specifically, the VA-OIG learned that veteran David Christie made a threats about wanting to cut off the arms and legs of a VA WRJ staff member who had been previously involved in Christie's treatment.  The threat was communicated during a telephone conversation between Christie and another veteran at an unknown time on January 21, 2022, which VA-OIG later confirmed in an interview with that second veteran.

REQUEST FOR ORDER

6.	The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Verizon be directed to produce all items described in Part II of Attachment A to the proposed Order.

7.	The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court.  As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

JANE E. YOUNG
UNITED STATES ATTORNEY

Dated: May 4, 2022

/s/ Charles L. Rombeau
Charles L. Rombeau
Assistant U.S. Attorney
District of New Hampshire
53 Pleasant St., 4th Floor
Concord, NH  03301

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | ) ) ) ) ) ) ) | Docket no. 1:22-mc-<br><br>**Filed Under Seal – Level II** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring Verizon, an electronic communications service provider and/or a remote computing service located in Bedminster, New Jersey, to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will: seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates.  *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Verizon shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

Dated: _____

_____
Andrea K. Johnstone
United States Magistrate Judge

## ATTACHMENT A

**I.       The Account(s)**

The Order applies to records and information associated with the cellular telephone assigned call number 258-778-2986 (the "Account").[1]

**II.      Records and Other Information to Be Disclosed**

Verizon is required to disclose the following records and other information, if available, to the United States for each Account listed in Part I of this Attachment, for the 24-hour time period from 12:01 a.m. on January 21, 2022, to 12:01 a.m. on January 22, 2022:

    A.      The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

---

[1] The Account may also be referenced by Version Security Assistance Team Case Number 22168966-0.

B.       All records and other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including:

      1)       the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

      2)       information regarding the cell towers and antenna face (also known as sector) sectors through which the communications were sent or received as well as per-call measurement data (also known as "real-time tool" or "RTT").